UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELENA SOLANO-REED a/k/a                Case No.  2:11-cv-14245
HELENA SOLANO,
                                        HON. MARIANNE O. BATTANI
            Plaintiff,                  MAG. JUDGE MARK A. RANDON

vs.

THE LEONA GROUP, L.L.C.;
JAVIER GARIBAY; and JUAN MARTINEZ;
jointly and severally, as well as
individually and/or in their official
capacities;

            Defendants.
_____
GARY T. MIOTKE (P41813)              HARVEY R. HELLER (P27351)
Attorney for Plaintiff               KATHLEEN H. KLAUS (P67207)
6828 Park Avenue                     Maddin, Hauser, Wartell, Roth & Heller, P.C.
Allen Park, MI 48101                 Attorneys for Defendants
(313) 388-4809                       28400 Northwestern Highway, 3rd Floor
gmiotke@miotkelawoffice.com          Southfield, MI 48034
                                     (248) 359-7520
                                     khk@maddinhauser.com
_____

**ORDER REGARDING CROSS-MOTIONS TO COMPEL DISCOVERY AND
PLAINTIFF'S MOTION TO STRIKE**

The parties having filed their motions to compel discovery, the Plaintiff having filed

her motion to strike, the Court having conducted a hearing with respect to the motions, and the

Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** as follows:

1.    Defendants' motion to compel (Document #12) is granted in part and denied in

1

part as follows:

(a) Plaintiff will answer Interrogatory No. 3 of Defendant, The Leona Group, LLC's

First Set of Discovery to Plaintiff by providing the citation to the particular section of the

federal No Child Left Behind Act that Plaintiff contends supports Plaintiff's position that a

school is sanctioned if it fails to make AYP.

(b) With respect to Interrogatory No. 2 of Defendant, The Leona Group, LLC's First

Set of Discovery to Plaintiff, the Court notes that the parties have conflicting interpretations of

the anti-retaliation provisions of the False Claims Act. At this time, the Court does not decide

which party or parties' interpretation(s) is or are correct or incorrect. However, subject to

Plaintiff's objections that the interrogatory does not seek material or relevant information, the

Plaintiff shall supplement her answer to this interrogatory to indicate what steps, if any, she

took to further a False Claims Act case and may do so by relying on the same allegations that

she referred to in response to other discovery.

2. Plaintiff's motion to strike (Document #24) is withdrawn.

3. Plaintiff's motion to compel (Document #15) is granted in part and denied in part as

follows:

(a) Defendants will supplement their answer to Interrogatory No. 3 of Plaintiff's First

Interrogatories to Defendants by providing the factual basis for the affirmative defenses, but

they will not have to identify any documents or witnesses that will support such affirmative

defenses.

(b) Defendants will supplement their answers to Interrogatory Nos. 8 and 10 of

Plaintiff's First Interrogatories to Defendants by indicating that there are no other First

Amendment cases against them under 42 U.S.C. 1983 and no other complaints about testing related to any sort of violations of the law.

(c) Defendants will supplement their answers to Interrogatory Nos. 11, 12, 13, and 14 of Plaintiff's First Interrogatories to Defendants as well as their responses to the corresponding requests to produce as follows:

(i) Defendants will provide copies of reports pertaining to 11th grade students any of them sent to the Michigan Department of Education for the 2009/2010 and the 2010/2011 school years concerning the count day census's.  Also, Defendants will provide copies of reports pertaining to 11th grade students any of them sent to the Michigan Department of Education for the 2009/2010 and the 2010/2011 school years concerning the year-end counts, if any such year-end count reports exist.

(ii) Defendants will provide a list of 11th grade students who took the MME and 11th grade students who did not take the MME in the 2009/2010 and 2010/2011 school years.  As part of this list, Defendants will also show how many credits each student had received.

(iii) In supplementing their answers and responses, the Defendants may redact the names of students and any other personally identifiable information about students.  However, the Defendants may only redact the students' State of Michigan student identification numbers and the students' Cesar Chavez High School student identification numbers to the extent that such redaction is consistent with what is stated in the following sentence.  The Defendants shall not redact the last three (3) digits of the students' State of Michigan student identification numbers or the last three (3) digits of the students' Cesar Chavez High School student identification numbers.

(d) It being unclear to Plaintiff's counsel that the Court and the Defendants had a full opportunity to consider the arguments, Plaintiff withdraws her arguments regarding Plaintiff's Second Request to Produce to Defendants without prejudice.

4. The information and documents ordered to be produced pursuant to this Order shall be served on or before November 27, 2012.

> s/Mark A. Randon
> MARK A. RANDON
> UNITED STATES MAGISTRATE JUDGE

Dated:  November 13, 2012

### Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 13, 2012, by electronic and/or first class U.S. mail.*

> *s/Melody R. Miles*
> *Case Manager to Magistrate Judge Mark A. Randon*
> (313) 234-5542

Approved as to form only for entry.

s/GARY T. MIOTKE                    s/with consent of KATHLEEN H. KLAUS
GARY T. MIOTKE (P41813)             HARVEY R. HELLER (P27351)
Attorney for Plaintiff              KATHLEEN H. KLAUS (P67207)
                                    Maddin, Hauser, Wartell, Roth & Heller, P.C.
                                    Attorneys for Defendants