UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELENA SOLANO-REED a/k/a
HELENA SOLANO,

               Plaintiff,

vs.

THE LEONA GROUP, L.L.C.;
JAVIER GARIBAY; and JUAN MARTINEZ;
jointly and severally, as well as
individually and/or in their official
capacities;

               Defendants.

Case No.  2:11-cv-14245

HON. MARIANNE O. BATTANI
MAG. JUDGE MARK A. RANDON

_____

GARY T. MIOTKE (P41813)
Attorney for Plaintiff
6828 Park Avenue
Allen Park, MI 48101
(313) 388-4809
gmiotke@miotkelawoffice.com

HARVEY R. HELLER (P27351)
KATHLEEN H. KLAUS (P67207)
Maddin, Hauser, Wartell, Roth & Heller, P.C.
Attorneys for Defendants
28400 Northwestern Highway, 3rd Floor
Southfield, MI 48034
(248) 359-7520
khk@maddinhauser.com

_____

## <u>ORDER REGARDING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY</u>

      The Plaintiff having filed her second motion to compel discovery, the Court having

conducted a hearing with respect to the motion, and the Court being otherwise fully advised in

the premises;

      **IT IS HEREBY ORDERED** as follows:

      1.     Plaintiff's motion to compel (Document #43) is granted in part and denied in

part as follows:

(a) With respect to Plaintiff's First Request for Admissions, the Defendants shall serve supplemental answers to those requests for admissions pertaining to pupil headcounts reported for pupils in Grade 10 for the school years during which the Plaintiff was employed by Defendant, The Leona Group, LLC.  More specifically, this means that the Defendants shall serve supplemental answers to Requests for Admissions 9, 10, 11, 12, 13, and 14.

(b) The Defendants shall serve a supplemental answer to Interrogatory No. 15 consistent with the following.  The answer shall list every student reported as being in grade 11 for purposes of the Michigan Student Database System ("MSDS") Fall 2010 pupil count. For each such student, the Defendants shall state his or her partially redacted Cesar Chavez High School student identification number (as described in subparagraph (c) below), the credits he or she had at the time the MME was administered in or around March 2011, and whether he or she took the MME when it was administered in or around March 2011.  If the student did not take the MME when it was administered in or around March 2011, then the answer shall also state whether the student took the MI-Access in March 2011.  .

(c) In supplementing their answers and responses, the Defendants may redact the names of students and any other personally identifiable information about students.  However, the Defendants may only redact the students' State of Michigan student identification numbers and the students' Cesar Chavez High School student identification numbers to the extent that such redaction is consistent with what is stated in the following sentence.  The Defendants shall not redact the last three (3) digits of the students' State of Michigan student identification numbers or the last three (3) digits of the students' Cesar Chavez High School student

identification numbers.

(d) With respect to Request T. of Plaintiff's Third Request To Defendants, the Defendants shall serve any written employment contract Defendant, THE LEONA GROUP L.L.C. had with Linette Garza for the 2011-2012 school year.  However, Plaintiff's counsel shall not share this document with the Plaintiff or any one else unless and until this Court permits him to do so.  Nothing in this paragraph shall be construed to reflect a pre-judgment by the Court with respect to whether Plaintiff's counsel may ultimately share this document with the Plaintiff.  Instead, if it becomes necessary to do so, this Court will consider the issue de novo without deference to what is stated in this Order.

(e) With respect to Request U. of Plaintiff's Third Request To Defendants, the Defendants shall serve any employee or staff performance review or evaluation done by Defendant, THE LEONA GROUP, L.L.C. and/or by Defendant, JUAN MARTINEZ for Linette Garza for the 2010-2011 school year.  However, Plaintiff's counsel shall not share this document with the Plaintiff or any one else unless and until this Court permits him to do so. Nothing in this paragraph shall be construed to reflect a pre-judgment by the Court with respect to whether Plaintiff's counsel may ultimately share this document with the Plaintiff. Instead, if it becomes necessary to do so, this Court will consider the issue de novo without deference to what is stated in this Order.

(f) With respect to Request V. of Plaintiff's Third Request To Defendants, the Defendants shall serve any agreement between Defendant, THE LEONA GROUP, L.L.C., and The Cesar Chavez Academy related to the operation and/or management of the Cesar Chavez Academy High School by THE LEONA GROUP, L.L.C.

3

(g) With respect to Request W. of Plaintiff's Third Request To Produce To Defendants, the Defendants shall serve any documents and/or things executed by or on behalf of Saginaw Valley State University authorizing The Cesar Chavez Academy to operate The Cesar Chavez Academy High School.

(h) With respect to Request X. of Plaintiff's Third Request To Produce To Defendants, the Defendants have indicated that they have served all responsive items that they currently have.  If any additional item is received by the Defendants in the future, the Defendants shall serve a supplemental response or supplemental responses with respect to it or them.

(i) With respect to Request Y. of Plaintiff's Third Request To Produce To Defendants, the Defendants shall serve any exhibits to Defendant, JUAN MARTINEZ' unsworn declaration that they previously submitted to the Court in support of the Defendants' motion for summary judgment if the following applies.  If any of the exhibits was submitted with a fully redacted student identification number, then the Defendants shall serve the exhibit on the Plaintiff with only partially redacted identification numbers as described in subparagraph (c) above.

(j) With respect to Request AA. of Plaintiff's Third Request To Produce To Defendants, the Defendants shall serve any audited head counts described as follows.  The audited head count is for either the 2009/2010 school year or the 2010/2011 school year; it pertains to pupils reported to be in either grade 10 or grade 11; and it pertains to either a fall or a spring head count.  In producing these documents and/or things, the Defendants shall serve them with only partially redacted identification numbers as described in subparagraph (c) above.

4

(k) With respect to Request AB. of Plaintiff's Third Request To Produce To Defendants, the Defendants' service of any supplemental response will be depend on information Defendants' attorney confirms with her clients. The parties' attorneys are currently under the impression that the report cards issued at any time during the 2010-2011 school year for all students of The Cesar Chavez Academy High School who were reported at any time during the 2010-2011 school year to be in Grade 11 for purposes of any Michigan Student Database System ("MSDS") pupil count showed the students to be in Grade 11 regardless of the number of credits the students had. If Defendants' attorney confirms this to be true, then she shall serve Plaintiff's counsel with a supplemental response to Request AB. confirming this fact; and the Defendants will not have to provide any further response to Request AB. If Defendants' attorney does not confirm this fact to be true, then she shall notify Plaintiff's counsel of this fact in writing. Thereafter, the parties shall bring the issue of the propriety of the response to Request AB. to the Court's attention.

2. The information and documents ordered to be produced pursuant to this Order shall be served on or before December 4, 2012.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2012

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 13, 2012, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*

Approved as to form only for entry.

s/GARY T. MIOTKE                s/with consent of KATHLEEN H. KLAUS
GARY T. MIOTKE (P41813)        HARVEY R. HELLER (P27351)
Attorney for Plaintiff               KATHLEEN H. KLAUS (P67207)
                                      Maddin, Hauser, Wartell, Roth & Heller, P.C.
                                        Attorneys for Defendants

6